UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF OHIO
EASTERN DIVISION

JAMES J. BARTON,

      Plaintiff,                                   Case No. 2:06-cv-78
                                                  JUDGE GREGORY L. FROST
      v.                                          Magistrate Judge Mark R. Abel

STATE OF FLORIDA, et al.,

      Defendants.

**OPINION AND ORDER**

On May 24, 2006, this matter came on for an oral hearing on a motion for default judgment (Doc. # 6) filed by Plaintiff, James J. Barton, a motion to set aside entry of default (Doc. # 13) filed by Defendant, Osceola County Board of County Commissioners Building Department, a memorandum in opposition to that latter motion styled as a motion to retain the entry of default (Doc. # 22) filed by Barton, and a reply memorandum (Doc. # 27) filed by Osceola.[1] For the reasons that follow, the Court finds Barton's motion not well taken, but finds Osceola's motion well taken.

Review of the docket indicated that Barton filed his Complaint on February 1, 2006. (Doc. # 1.) Summons was returned as executed against Osceola on February 9, 2006. (Doc. #

---

[1] Originally, this hearing was also intended to address a motion to dismiss (Doc. # 17) filed by the State of Florida, which after filing its motion was dropped by Barton as a party to this litigation (Docs. # 21, 23). Because the motion to dismiss was improperly filed by counsel who was not at the time admitted to practice before this Court, the Court **DENIED AS MOOT** Osceola's motion "to join in and adopt by reference" that filing (Doc. # 19, at 1) at the oral hearing. This Order memorializes that oral order, as well as the Court's conclusion that Osceola is not precluded from filing a subsequent motion to dismiss, because it has effectively not yet filed any such motion.

1

4.) On March 7, 2006, Barton filed a premature motion for default judgment against Osceola (Doc. # 6), and on March 14 and 15, 2006, he more fully complied with the Federal Rule of Civil Procedure 55 by filing a two-part motion for entry of default against Osceola (Docs. # 7, 8). The Clerk of Court issued an entry of default against Osceola on March 15, 2006. (Doc. # 9.)

Osceola now seeks to set aside that entry of default and to evade default judgment on two grounds. First, Osceola argues that .

The Court need not reach the merits of Osceola's first ground for relief from entry of default, because it finds the second ground asserted sufficient. Federal Rule of Civil Procedure 55(c) provides that "[f]or good cause shown the court may set aside an entry of default." In interpreting this provision, the Sixth Circuit has explained:

> When a defendant seeks relief from an entry of default, three equitable factors are considered to determine if "good cause" has been shown under the Rule 55(c) component of the analysis: "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced."

*Burrell v. Henderson*, 434 F.3d 826, 831-32 (6th Cir. 2006) (quoting *Waifersong, Ltd. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir. 1992)). This is the analysis that controls the instant inquiry.[2]

Setting aside the issue of service, the Court recognizes that Osceola's conduct, while certainly less than ideal practice, nonetheless presents a factual scenario in which mere inadvertence resulted in a failure to file a timely answer. Osceola's conduct led to the entry of

---

[2] In its motion to set aside entry of default, Osceola cited both to Rule 55(c) and 60(b). The former rule applies where, as here, only an entry of default has issued; the rule also applies when both an entry of default and a default judgment have issued. But the latter rule applies only to instances in which an actual default judgment has issued. *Burrell*, 43 F.3d at 831-32.

2

default, but only in part. Osceola was relying on St. Paul Travelers Insurance Company, its insurance carrier, to provide a defense, but apparently Barton's failure to provide information on his property led to Osceola's inability to provide the carrier with necessary information. Osceola was thus surprised when it learned that no defense had been provided, that there was a motion for default judgment, and that it had to retain private counsel. (Doc. # 13, Ex. B, Apfelbaum Aff. ¶¶ 2-8.) There is no evidence that Osceola's inefficient and ineffective conduct was willful. This credible account satisfies the first prong of the mandated inquiry.

The Court also recognizes, without expressing an opinion as to the ultimate validity of the proffered defenses under the facts of this case, that Osceola might successfully defend based on immunity. The Sixth Circuit has held:

> A defense is meritorious if "there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default." [*Williams v. Meyer,* 346 F.3d 607, 614 (6th Cir. 2003)] (citation and quotation marks omitted) (emphasis in original). If a defense is "good at law," regardless of the likelihood of success, it will be considered meritorious. *Id.* (quoting [*United Coin Meter Co. v. Seaboard Coastline R.R.,* 705 F.2d 839, 845 (6th Cir. 1983)]).

*Burrell*, 434 F.3d at 834. Thus, Osceola has also satisfied the second prong of the Court's three-pronged inquiry.

Finally, given the early stage of this litigation, withdrawal of the entry of default will result in minimal prejudice to Barton. Mere delay in adjudicating Barton's case fails by itself to constitute sufficient prejudice under Rule 55. *Id.* at 835. Moreover, Barton has failed to show that the delay involved here has resulted in a loss of evidence, increased opportunities for fraud, or discovery difficulties. *Id*. Osceola has therefore met the third prong of its burden.

Having thus weighed the equitable considerations involved, the Court concludes that Osceola has presented a credible explanation constituting good cause to obtain relief from the

entry of default. *See Union Coin Meter Co.*, 705 F.2d at 844 (explaining that a mistake and inadvertent error of counsel can constitute good cause under Rule 55(c)). Accordingly, the Court in its discretion **GRANTS** Osceola's motion to set aside entry of default (Doc. # 13) and **DENIES** Barton's motion for default judgment (Doc. # 6).[3] Osceola shall file either an answer or a Rule 12 motion by June 2, 2006.

    **IT IS SO ORDERED**.

                                                  s/ Gregory L. Frost
                                                  GREGORY L. FROST
                                                  UNITED STATES DISTRICT JUDGE

---

[3] To the extent that the Court can treat Barton's memorandum in opposition as a motion–it is titled a "Motion to Retain Entry of Default against Osceola County Board of County Commissioners Building Department"–the Court **DENIES** said motion. (Doc. # 22.)