UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JAMES J. BARTON,**

      **Plaintiff,**                      Case No. 2:06-cv-78
                                           **JUDGE GREGORY L. FROST**
    v.                                     Magistrate Judge Mark R. Abel

**STATE OF FLORIDA, et al.,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of a motion to dismiss (Doc. # 33) filed by Defendant, Osceola County Board of County Commissioners Building Department ("Osceola"), a memorandum in opposition (Doc. # 35) filed by Plaintiff, James J. Barton, and a reply memorandum (Doc. # 36) filed by Osceola.  Also before the Court are a motion to transfer (Doc. # 37) filed by Barton, a memorandum in opposition filed by Osceola (Doc. # 39), and a reply memorandum (Doc. # 40) filed by Barton.  For the reasons that follow, the Court **DENIES AS MOOT** the motion to dismiss (Doc. # 33) and **GRANTS** the motion to transfer venue (Doc. #37).

### I.  Background

Barton asserts that he was formerly the owner of real property in Kissimmee, which is located in Osceola County, Florida..  After this property sustained damage in the 2004 hurricanes, Barton asserts that he was unable to find available licensed contractors to repair his house.  Barton therefore traveled to Kissimmee to repair his house himself.  According to the Complaint, however, Osceola declined to issue Barton a permit authorizing him to make the

1

repairs. His subsequent efforts at obtaining assistance from state and federal authorities to obtain the permit also proved unsuccessful, and Barton asserts that his property sustained additional damage. Barton eventually sold the house.

Barton then initiated the instant action on February 1, 2006, asserting claims against Osceola and the State of Florida.[1] (Doc. # 1.) Barton previously obtained an entry of default against Osceola (Doc. # 4), but upon Osceola's motion this Court set aside the entry of default on May 24, 2006. (Doc. # 30.) Osceola later filed a motion to dismiss that Barton opposes. (Doc. # 33.) Barton has in turn filed a motion to transfer this action to the appropriate district if venue is lacking in this district. (Doc. # 37.) The parties have completed their briefing, and both motions are ripe for disposition.

## II. Analysis

### A. Standard Involved

Osceola moves for dismissal under Federal Rule of Civil Procedure 12(b)(1), (2), (3), and (5). Rule 12(b)(3) is of particular relevance here and provides that a defendant can raise by motion the defense of "improper venue." Once a defendant raises the defense of improper venue, those district courts in this Circuit that have addressed the issue have generally assigned the plaintiff the burden of establishing that venue is proper for each claim asserted in the complaint. *Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp. 2d 1039, 1046 (S.D. Ohio 2002); *NCR Corp. v. Gartner Group, Inc.*, No. C-3-96-121, 1997 WL 1774881, at *3 (S.D. Ohio 1997). *But see* 2 James W. Moore, *Moore's Federal Practice* §12.32[4], at 12-50.1 (3d ed.

---

[1] The state is no longer a party to this action. (Doc. # 23.)

2003) ("Generally, the party challenging venue has the burden of proving its impropriety"); 17 James W. Moore, *Moore's Federal Practice* §110.01[5][c], at 110-22 to 110-22.1 (3d ed. 2003) (collecting several Sixth Circuit district court cases adopting this approach). This Court regards such assignment with suspicion, given the nature of the affirmative defense being asserted, but notes that even an erroneous assignment of the burden in this case would be harmless given the following analysis. *See Johnson v. Frederick and Lewis Timber and Equip. Co.*, 181 F.3d 101, 1999 WL 313876, at *2 (6th Cir. 1999) (unpublished table decision) (identifying improper venue as an affirmative defense); *United States v. 31,200 Talwin 50 mg Tablets & Various Other Controlled Substances*, 812 F.2d 1409, 1987 WL 36256, at *1 (6th Cir. 1987) (unpublished table decision) (same).

More clear is that a district court may in its discretion choose to dispose of a motion to dismiss for improper venue upon written submissions alone or by conducting an evidentiary hearing. *Centerville ALF, Inc.*, 197 F. Supp. 2d at 1046. *Cf. Serras v. First Tennessee Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989) (motion to dismiss for lack of personal jurisdiction can be decide based on written submissions or through an evidentiary hearing). If the district court decides the motion without a hearing, the " 'plaintiff must present only a *prima facie* showing of venue,' " *Home Ins. Co. v. Thomas Indus., Inc.*, 896 F.2d 1352, 1355 (11th Cir. 1990) (quoting *Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988)), and the court " 'must consider the pleadings and affidavits in the light most favorable to the plaintiff.' " *Serras*, 875 F.2d at 1214 (6th Cir. 1989) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980), *cert. denied*, 450 U.S. 981 (1981)).

**B. Discussion**

For cases presenting a federal question, such as the instant case, Congress has indicated that venue is proper

> only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Osceola moves for dismissal on the grounds that it neither resides nor can be found in Ohio–Osceola is located in Osceola County, Florida–and that no substantial part of the events giving rise to the claims occurred in Ohio. Rather, the property in question is located in Osceola County, Florida, as is the defendant county agency that made the decision at issue. The only connection to Ohio here is that the Barton resides in Ohio. Venue is therefore improper in this judicial district because no defendant resides or may be found here and no substantial part of the events or omissions giving rise to the claims occurred here. There is also an appropriate judicial district in which this case may be brought.

But this lack of venue does not compel granting Osceola's motion to dismiss. The Court recognizes that Barton has asked the Court to transfer, rather than dismiss, this case if venue is found lacking. (Doc. # 40, at 1). A district court can transfer a case when venue is improper in the original forum if doing so is in the interest of justice. 28 U.S.C. § 1406(a). Moreover, a transfer of venue is proper even if this Court does not have personal jurisdiction over any defendant. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). The Court recognizes that

4

transfer may require Osceola to re-brief some of its arguments.[2]  Having balanced this minor inconvenience against the impropriety of resolving the merits of Osceola's grounds for dismissal and the unnecessary burden on the *pro se* Barton that re-filing would impose, the Court concludes that the interests of justice warrant transfer.[3]  *See Flynn v. Greg Anthony Construction Co.*, Inc., 95 Fed. Appx. 726, 741 (6th Cir. 2003) (holding that transfer rather than dismissal was appropriate where transfer mooted lack of personal jurisdiction, served the goal of permitting adjudication on the merits, and avoided unnecessary hurdle of re-filing).

### III.  Conclusion

For the foregoing reasons, the Court **GRANTS** Barton's motion to transfer (Doc. # 37) and **DENIES AS MOOT** Osceola's motion to dismiss (Doc. # 33).  The Clerk shall transfer this case to the United States District Court for the Middle District of Florida, Orlando Division.

**IT IS SO ORDERED**.

    /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE

---

[2]  Osceola states that while it "obviously prefers that this matter is transferred to the appropriate venue in Florida, granting [the motion to transfer] without making a determination on the other relevant issues raised in its Motion to Dismiss will require it to file a duplicative motion in Florida." (Doc. # 39, at 1.)

[3]  Having concluded that transfer for improper venue is appropriate, the Court need not and does not reach Osceola's other grounds for dismissal.